UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20273-CIV-ALTMAN/Reid

**CHRISTOPHER T. BERES**,

    *Plaintiff*,

v.

**NATIONAL LAW FORUM LLC**,

    *Defendant*.

_____/

## ORDER TO SHOW CAUSE

The Plaintiff alleges that this Court may exercise subject-matter jurisdiction over this case, under 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy exceeds $75,000. *See* Complaint [ECF No. 1] ¶¶ 1–4.[1]

"When a plaintiff asserts diversity jurisdiction, it has the burden to prove that there is complete diversity." *Tvestments, Ltd v. L.K. Station Grp., LLC*, 2008 WL 4613070, at *1 (S.D. Fla. Oct. 16, 2008). "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, LP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Thus, to "sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and all the partners of the limited partnership." *Id.* at 1022; *see also Tvestments*, 2008 WL 4613070, at *1 (dismissing a complaint where the plaintiff "failed to list the citizenships of all the members of each limited liability company" defendant).

---

[1] "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). It is the Court's responsibility to "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Here, the Defendant—National Law Forum LLC ("NLF")—is a limited liability company, and the Complaint does not indicate the citizenships of that limited liability company's members. The Complaint only says that NLF is "based and operating in the State of Illinois." Compl. ¶ 3. But the Complaint does not say who NLF's members are or what state(s) those members are citizens of. As a result, the Plaintiff has not established complete diversity.

Accordingly, the Court hereby

**ORDERS** the Plaintiff to **SHOW CAUSE** by **February 3, 2022** why this case should not be dismissed for lack of subject-matter jurisdiction. Any response must include a complete list of Dealers' members and their respective citizenships. The Court will not grant any extension of time. **Failure to comply will result in dismissal without further notice.**

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of January 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record