UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20273-CIV-ALTMAN/Reid

**CHRISTOPHER T. BERES**,

    *Plaintiff*,

v.

**NATIONAL LAW FORUM LLC**,

    *Defendant*.

_____/

**ORDER**

This case was filed on January 25, 2022. In the two months that have passed, the parties—in an acrimonious back and forth—have filed a flurry of motions. We'll dispose of some of those motions here. The Court hereby **ORDERS and ADJUDGES** as follows:

1. The Defendant filed a Motion to Stay [ECF No. 17], looking to stay proceedings—including its obligation to file a joint scheduling report—until we rule on its motion to dismiss. A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). A motion to stay proceedings (including discovery) is "not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1186 (S.D. Fla. May 14, 2021) (Bloom, J.). Such motions "are generally denied except where a specific showing of prejudice or burdensomeness is made." *Montoya v. PNC Bank, N.A.*, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014) (Goodman, Mag. J.). The Defendant, in our view, hasn't made a sufficient showing here. *First*, we've taken a "preliminary peek" at the Defendant's motion to dismiss, and—while the Defendant may very well prevail—we can't say that this case presents the sort of "especially dubious" claim that warrants a stay. *Cuhaci*,

540 F. Supp. 3d at 1187. *Second*, the Defendant suggests that this case must be stayed because it has moved to dismiss for lack of personal jurisdiction. But courts have declined to stay cases even where there is a challenge to personal jurisdiction. *See, e.g.*, *Or Zaid v. Diamonds Int'l of Fla., Inc.*, 2021 WL 4865275, at *2 (S.D. Fla. Oct. 19, 2021) (Bloom, J.) (denying a motion to stay even where a defendant argued that "the Court lack[ed] personal jurisdiction"). The Defendant retains—and does not waive—its personal-jurisdiction challenge. The Motion to Stay [ECF No. 17] is **DENIED**.

2. The parties have filed *separate* Scheduling Reports [ECF Nos. 18, 19, 30]. Those Scheduling Reports shall be **STRICKEN**. The parties shall file one *Joint* Scheduling Report in accordance with our Order [ECF No. 14] by **April 15, 2022**.

3. The Plaintiff has filed a Motion to Strike [ECF No. 20] and a Corrected Motion to Strike [ECF No. 21]. The Motion to Strike [ECF No. 20] is **DENIED as moot**. In his Corrected Motion to Strike, the Plaintiff appears to complain about various things, saying: "There is no excuse for [1] Defendant's counsel's failure to file a notice of appearance, [2] for being co-counsel with a non-Florida lawyer (Michael Berry, Esq.) who has not been admitted pro hac vice, [3] for filing additional responses to its own fully briefed motion to dismiss without leave of the Court, [4] for misleading Plaintiff's counsel about its 'expedited' motion, and [5] for disregarding the Court's Order to hold a scheduling conference and file a joint scheduling report." These arguments are frivolous. For example, defense counsel had no obligation to file a separate notice of appearance, because "[t]he filing of any . . . paper . . . shall constitute an appearance by the person who signs such paper[.] S.D. FLA. L.R. 11.1(d). And the Defendant's lawyer filed his signed motion to dismiss, thereby appearing in this case. As another example, defense counsel's co-counsel has filed a Motion to Appear *Pro Hac Vice* [ECF No. 28]. For another, the "additional response[ ]" to the motion to dismiss the Plaintiff points

3

to is the Defendant's Notice of Supplemental Authority [ECF No. 15]—a filing that's plainly authorized by our local rules, *see* S.D. FLA. L.R. 7.8. In short, the Corrected Motion to Strike [ECF No. 21] is **DENIED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 31st day of March 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record